WILLIAM A. GRISWOLD vs. STIMPSON BELL, *Trustee of* JOSEPH S.
and PETER ROBINSON.

*Chittenden,*
*January,*
*1827.*

The existing statutes do require, in cases of trustee process, that two recognizances for costs be entered into, on suing out the process, the one to the trustee, and the other to the principal debtor, and that too, notwithstanding the plaintiff is a'freeholder and a resident within the state, whether the process be by summons or attachment.

THE trustee, defending for the principal debtor, having pleaded a plea in abatement of the plaintiff's writ, for that there was no recognizance for costs, the parties presented the cause before this Court, in the following

### CASE STATED.

This is an action of assumpsit on a promissory note, dated the 26th day of June, 1823, signed by *Joseph S.* and *Peter Robinson,* (the principal debtors,) and made payable to *Robinson & Manning,* or their order, for the sum of $472,36, and endorsed by the said Robinson & Manning, on the 15th day of August, 1823, to the plaintiff.

The said *Stimpson Bell,* having disclosed on oath that he is indebted to Joseph S. Robinson, in four promissory notes, &c. appears, and defends in behalf of the principal debtor. In this case, it is admitted that there is no recognizance entered into on the writ, either to the trustees or to the principal debtor, for costs of prosecution; and it is admitted that the plaintiff was, at the time of issuing said writ, and until the present time, an inhabitant of this state, and a freeholder within the same. It is also admitted, that long before the indebtedness of the said Joseph S. and Peter Robinson to the said Robinson & Manning, and before the date of said note, to wit, on the 1st day of October, 1822, the said Joseph S. Robinson openly removed, with his family and effects, from the town of *Georgia,* in the state of *Vermont,* to the town of *Parishville,* in the state of *New-York,* where he resided, and was doing business as a merchant, at the time the said debt in favour of the said Robinson & Manning, to wit, on the 26th day of June, 1823, was contracted.

The parties, from the foregoing facts, submit two questions to the Court. *First.* Was it necessary for the plaintiff to give security by way of recognizance, for the costs of prosecution, as in the case of other writs of summons? *Secondly.* Is the said Joseph S. Robinson an absconding or concealed debtor, agreeable to the intent and meaning of the statute? If it shall be considered that a recognizance for costs was necessary, or if the Court should be of opinion that the said Joseph S. Robinson is not an absconding or concealed debtor, within the meaning of the statute, judgment is to be entered for said trustee's costs: otherwise, judgment is to be entered that the said trustee is holden upon his disclosure, &c.

The plaintiff insisted, that no recognizance for costs is required by law, when the plaintiff is an inhabitant of this state,

*Chittenden,*
January,
1827.

Griswold
*vs.*
Bell, *trustee.*

and a freeholder in the same. The statutes on this subject have created a new remedy, unknown to the common law, and have particularly described the mode in which the process should be instituted, the form thereof, the mode of service, and pointed out the cases explicitly, when it should be necessary for a recognizance to be entered.---*See Comp. Stat. p.* 149, 165.

The statute of 1822, requiring that no writ of summons shall be issued, until the plaintiff shall give security for costs, as in the case of attachments, is an act in addition to an act constituting the Supreme Court of Judicature and county courts, defining their powers, &c.---*See Comp. Stat.* 115. This act was designed to regulate the proceedings in cases of original and or-. dinary process of courts having common law jurisdiction, and cannot apply to a writ issued under the act directing proceedings against trustees of absconded or concealed debtors. The trustee act requires, in cases where the plaintiff is not an inhabitant of the state, or be not a freeholder, that recognizance be given to the trustee, as well as to the absconding debtor. In the act of 1822, recognizances are required in case of summons, the same as in the case of attachment, under the 45th section of the judiciary act, but no provision is made for two recognizances, while the trustee act does, in certain cases, require a recognizance as well to the trustee as to the principal debtor. It is evident, therefore, that this statute can only apply to cases of ordinary process, provided for under the judiciary act. It might as well be applied to a petition for partition, or to a petition for the laying out, altering, or establishing a road;---in which cases service is to be made, and notice given by summons. The legislature, then, having created this new remedy, and made special provisions, relating to the process and service, for recognizance for costs, and every other thing necessary to carry the design of the act into effect, it is believed that a general provision, relating wholly to other kinds of process, cannot apply to the case under consideration.

2d. The trustee act provides, that if any person or persons shall have in his or her possession, any money, goods, chattels, rights or credits, of any person who shall abscond from this state, or keep concealed within the same, any creditor may institute process against the trustee or trustees of such debtor. And the act of 1817 (*Comp. Stat. p.* 156,) provides, that all persons who shall remove out of this state, leaving any money, credits, &c. in the hands of any inhabitant of this state, such person shall be deemed an absconding debtor, within the meaning of the original act. No distinction is here made as to creditors, and having once removed from this state, and property being found in the hands of his trustee, it is liable to every creditor, whether the debt to the creditor was created before he left the state or not. The principal debtor was an absconding debtor at the time of commencing this suit, in August, 1824, and the trustee then had his effects in his hands.

*H. Allen*, for the defendant, contended,

1.  That, there being no recognizance for costs, the writ on motion must be abated, and

2.  That the principal debtor, having removed openly out of the state, before the present debt was contracted, and it not appearing that he was indebted to any one at the time of his removal, was not an absconding debtor, within the true intent and meaning of the statutes on the subject.

The opinion of the Court, which was confined to the first question raised by the case stated, was delivered by

PRENTISS, J.   Whether or not a recognizance to secure the costs was necessary on issuing the writ, is the question to which our attention has been devoted, and on that alone a decision of the case requires us to express an opinion.   The act of 1797 (*Comp. Stat. p.* 70, *s.* 44,) provides, that when any person or persons, *not being freeholders in this state*, or, *being freeholders, shall reside without the state*, shall apply to any person having authority to issue writs, *for any process whatever*, to *summon* or *attach* any person or persons before any court within this state, there shall be sufficient security given to the defendant or defendants, by way of recognizance, &c. ; and the 45th section enacts, that *no writ of attachment* shall be issued against any person or persons within this state, until the person or persons praying out such writ, shall have given sufficient security to the adverse party, by way of recognizance, &c.   The act also requires, that a minute of the recognizance, with the name of the surety or sureties, and the sum in which they are bound, shall be made upon the writ, at the time of signing thereof, and signed by such authority ; and it is provided, that if any writ be otherwise issued, the same, on motion, shall be abated. By this act, a recognizance for costs is necessary in every process, either of *summons* or *attachment*, where the plaintiff is not an inhabitant and freeholder within the state ; and although, if he be a freeholder and inhabitant of the state, no recognizance is required in case of a *summons*, yet it is necessary in every case where the process is by attachment.   The words of the act, "*any process whatever to summon or attach any person,*" are very broad, and must comprehend every original writ, which the law requires to be signed by the clerk or a magistrate to give it validity, and which contains a declaration, and is the institution of a suit between party and party.   A mere citation or subpœna, issued on a petition or application to the court, for the purpose of notice to appear, is not within the act. A trustee process, however is not of this character, but is both in form and nature an original writ between party and party, and is plainly a process of *summons*, within the very letter and intent of the statute.   Indeed, we are not aware that it was ever doubted, that where the plaintiff was not an inhabitant and freeholder within the state, a recognizance for costs was necessary in this, as well as in any other original writ of sum-

Chittenden,
January,
1827.

Griswold
*vs.*
Boll, *trustee.*

*Chittenden,*
*January,*
*1827.*

Griswold
*vs.*
Boll, *trustee.*

mons. The doubt which existed, was not whether a recognizance for costs was at all necessary in such case, but whether the recognizance was for the benefit of the trustee or the principal debtor. This doubt led to the act of 1807, which provides, that where the plaintiff is not an inhabitant and freeholder within the state, the clerk or magistrate signing the writ, shall take one recognizance to the trustee, and one to the principal debtor. (*Comp. Stat. p.* 155, *s.* 4.) But it was never supposed, that this act was the first and only provision made by law for security for costs in a trustee process, but that, in effect, it was a mere alteration of an existing provision, requiring two separate recognizances, where only one was before required. If it were otherwise, then, prior to this act, a trustee process might issue without any security for costs, although the plaintiff was not an inhabitant and free-holder within the state, which certainly was never the understanding or practice.

If a trustee process was a *writ of summons* within the act of 1797, and a recognizance for costs was necessary by that act, where the plaintiff was not an inhabitant and freeholder within the state, it is decisive of this question; for by the act of 1822, made in addition to the act of 1797, it is provided, "that no *writ of summons* shall be issued, until the plaintiff or plaintiffs, shall have given security for costs of prosecution, in the same manner as is provided in the case of the issuing of writs of attachment." (*Comp. Stat. p.* 115.) As in every writ of attachment, the plaintiff, by the act of 1797, although an inhabitant and freeholder within the state, must give security for costs fo the adverse party, so by force of the act of 1822, he must give like security in every case of a writ of summons. It seems manifestly to have been the intention of the legislature, to require security for costs from the plaintiff in every original writ; and certainly there is the same necessity for this security in a trustee process, as in any other original writ. Being a writ of *summons*, it is not only within the reason and intent, but within the very letter of the act of 1822; and to hold otherwise, would involve the inconsistency and absurdity, that while a plaintiff, although an inhabitant and freeholder within the state, cannot sue out an ordinary writ of summons, without a recognizance for costs, yet he may sue the same person by a writ of summons, in the form of a trustee process, without such recognizance. And if a recognizance was not necessary in the first instance, none can be required of him in any stage of the proceedings, however necessary it may be for the security of the adverse party; for we cannot order bail to be put in, in the progress of the suit, except the plaintiff be a foreigner, only where a recognizance was required on issuing the writ, and it appears that the surety, or the sum of the recognizance taken, is insufficient to respond the costs. (*Comp. Stat. p.* 71, *s.* 45.) The act of 1822 puts writs of summons on the same footing with writs of attachment, and it is evidently the intention, that neither should in any case issue, without a recognizance to secure

the costs; and on a just construction of the several statutes, taken together, we think that a recognizance for costs was necessary in this case, both to the trustee and the principal debtor, and consequently, that the writ must abate.

*Chittendon,*
*January,*
*1827.*

*Griswold*
*vs.*
*Bell, trustee.*

Judgment that the writ abate.

*Wm. A. Griswold, pro se.*

*Heman Allen,* for the defendant.